# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| Matthew Headley Holdings, LLC, <br> d/b/a Heartland Snacks <br> f/k/a Incito Capital Group, LLC, <br>                     Plaintiff, <br> vs. <br>   <br> McCleary, Inc., et al., <br>                     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 02-0654-CV-W-FJG |

## ORDER

Pending before the Court are (1) Defendants' motion for directed verdict (Doc. No. 363); (2) defendants' motion for judgment as a matter of law (Doc. No. 373); (3) plaintiff's motion for order for assessment of statutory prejudgment interest (Doc. No. 381); (4) plaintiff's motion to clarify and confirm judgment (Doc. No. 385); and (5) third party Shawnee Biscuit Co.'s motion for attorney's fees (Doc. No. 388). Each will be considered below.

I.    Defendants' Motion for Directed Verdict (Doc. No. 363)

Defendants argue in their motion for directed verdict that the evidence did not support plaintiff's claims. This motion addresses only the sufficiency of the evidence and does not address legal arguments regarding the claims themselves. The Court finds the grounds for relief discussed in this motion insufficient to justify granting this motion. Therefore, defendants' motion for directed verdict (Doc. No. 363) is **DENIED.**

II.    Defendants' Motion for Judgment As a Matter of Law (Doc. No. 373)

Defendants move for judgment as a matter of law in regard to numerous issues. The Court finds persuasive defendants' arguments that submission of a claim for breach of an implied covenant of good faith and fair dealing was inconsistent with and duplicative of plaintiff's breach of contract claim. (See Doc. No. 373, ¶ 22.) In this instance, plaintiff should have been required to elect which of the two inconsistent theories it wished to

proceed under. See Smart v. Sunshine Potato Flakes, L.L.C., 307 F.3d 684, 686 (8th Cir. 2002). Therefore, the Court **GRANTS** defendants' motion (Doc. No. 373) with respect to this issue. The Court hereby **VACATES** the judgment based on claims of breach of an implied covenant of good faith and fair dealing (See Doc. No. 365, Jury Instruction No. 11). Because the jurors allocated $2,150,000.00 in the total amount of damages for plaintiff's breach of implied covenant of good faith and fair dealing claim, the total amount of the jury's verdict will be reduced to **$6,450,000.00**.

With respect to the remainder of the issues raised by defendants in their motion for judgment as a matter of law, the Court **DENIES** defendants' motion (Doc. No. 373).

III. Plaintiff's Motion for Order for Assessment of Statutory Prejudgment Interest (Doc. No. 381)

Plaintiff claims it is entitled to an assessment of statutory prejudgment interest under R.S.Mo. §408.040. Plaintiff alleges it made an offer to settle all claims at issue in this lawsuit for $5,000,000. This offer was not accepted. Plaintiff argues that, because the amount of the judgment exceeded the amount of the settlement offer, it is entitled to prejudgment interest under R.S.Mo. §408.040.

The Court notes, however, that the statute only applies to tort actions. See McKinney v. State Farm Mut. Ins., 123 S.W.3d 242, 246-47 (Mo. App. W.D. 2003). Although $4.3 million of the judgment was allocated for the tort claim of fraudulent concealment, the remainder of the judgment was for breach of contract. Therefore, because the amount of recovery for the tort action was less than plaintiff's demand, plaintiff's motion for assessment of statutory prejudgment interest (Doc. No. 381) is **DENIED.**

IV. Plaintiff's Motion to Clarify and Confirm Judgment (Doc. No. 385)

Plaintiff seeks to clarify (1) that the total judgment amount is $8,600,000.00; and (2) that the damages caused by fraudulent concealment be made joint and several between

all three defendants.

With respect to the total judgment amount, as discussed above, the Court finds that the total amount of judgment is **$6,450,000.00**. Therefore, plaintiff's motion (Doc. No. 385) is **DENIED** as to the first issue.

As for plaintiff's argument that the judgment for fraudulent concealment be made joint and several between all three defendants, the Court believes that the jury's verdict assessing damages only against defendant McCleary, Inc., should stand. Therefore, plaintiff's motion (Doc. No. 385) is **DENIED** as to the second issue.

V.  Third Party Shawnee Biscuit Co.'s Motion for Attorney's Fees (Doc. No. 388)

After consideration of the record in the case, the Court is not inclined to grant third-party defendant Shawnee Biscuit Co. its attorney's fees. Therefore, third-party defendant Shawnee Biscuit Co.'s motion for attorney's fees (Doc. No. 388) is **DENIED.**

Therefore, for the reasons set for above:

(1) Defendants' motion for directed verdict (Doc. No. 363) is **DENIED**;

(2) Defendants' motion for judgment as a matter of law (Doc. No. 373) is **GRANTED IN PART** and **DENIED IN PART**;

(3) Plaintiff's motion for order for assessment of statutory prejudgment interest (Doc. No. 381) is **DENIED**;

(4) Plaintiff's motion to clarify and confirm judgment (Doc. No. 385) is **DENIED**; and

(5) Third party Shawnee Biscuit Co.'s motion for attorney's fees (Doc. No. 388) is **DENIED**.

**IT IS SO ORDERED.**

          /s/Fernando J. Gaitan, Jr.
          Fernando J. Gaitan, Jr.
          United States District Judge

Dated: February 25, 2005
Kansas City, Missouri