# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Matthew Headley Holdings, LLC, ) <br> d/b/a Heartland Snacks ) <br> f/k/a Incito Capital Group, LLC, ) <br>                          Plaintiff, ) <br> vs. ) <br> ) <br> McCleary, Inc., et al., ) <br>                          Defendants. ) | No.  02-0654-CV-W-FJG |

## ORDER

      Pending before the Court is Plaintiff's Motion to Remove Stay of Execution, or Alternatively, Require a Full Bond (Doc. No. 421).  On September 7, 2004, the Court granted defendants' motion to stay proceedings to enforce judgment (Doc. No. 376), approving a supersedeas bond in the amount of $4,450,000.00.  On February 25, 2005, the Court ruled on the parties' post-trial motions, and entered a judgment for $6,450,000 against McCleary, Inc.  (See Doc. No. 420.)  Plaintiff now requests that the bond amount be changed to reflect the total amount of judgment ($6,450,000), plus costs ($16,236.15), plus post judgment interest ($258,000 – computed at 2.00% from 8/12/04 for two years). Plaintiff represents it made an informal request that defendants voluntarily post a bond for the additional amount; however, defendants refuse.

      Defendants argue that plaintiff provides no authority for the proposition that the District Court can or should remove a stay once entered or change the bond amount once determined.  Defendants further state that the Court has discretion to allow the stay to remain in place without increasing the bond, and should do so in this instance.  Defendants also state that they are willing to provide an updated set of financial statements to plaintiff's counsel showing that plaintiff's ability to collect the remainder of the judgment amount above and beyond the amount of bond on file is not in jeopardy.

      Plaintiff replies that the burden is on the party moving for a reduction from the usual

requirement of a full security to objectively demonstrate the reasons for such a departure. Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979). Plaintiff notes that defendants have not provided any proof that they will remain solvent throughout the appeals process. Plaintiff further outlines its concern that defendant McCleary may be diverting assets.

The Court finds that the bond amount should be raised to reflect the total amount of judgment. Therefore, the Court **GRANTS IN PART** plaintiff's motion (Doc. No. 421), insofar as plaintiff requests the total amount of bond be raised to **$6,724,236.15**. Defendants are **GRANTED** seven days from the date of this Order in which to post the remainder of this bond amount.

Upon payment of the bond, execution of judgment will be stayed until further Order of this Court. Therefore, plaintiff's motion (Doc. No. 421) is **DENIED IN PART** insofar as it requests removal of the stay of execution.

**IT IS SO ORDERED.**

    /s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: April 19, 2005
Kansas City, Missouri