**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| MATTHEW HEADLEY HOLDINGS ) <br> L.L.C. d/b/a HEARTLAND SNACKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> McCLEARY, INC., et al., ) <br> ) <br> Defendants. ) | Case No. 02-CV-00654-FJG |

**RESPONSE OF BLACKWELL SANDERS PEPER MARTIN LLP
TO PLAINTIFF'S REQUEST TO DISBURSE FUNDS**

Blackwell Sanders Peper Martin, LLP ("Blackwell") opposes plaintiff's request to prefer a supplier creditor over our attorneys' lien-based claim for attorneys' fees and expenses.

Blackwell has moved for payment of its outstanding legal fees and expenses owed by plaintiff. The funds recovered by plaintiff as a result of a successful verdict in its favor are on deposit with this Court because plaintiff has a number of claimants of these funds.

This Court ordered that plaintiff submit a stipulated disbursement schedule on or before July 12, 2006. Plaintiff did not comply with that order.

At plaintiff's request, Blackwell e-mailed its invoices to plaintiff again, and offered to meet with plaintiff's principal, Mark Stisser, to discuss any legitimate disputes that plaintiff may have regarding the fees and expenses incurred in commencing and prosecuting this lawsuit. On July 10, 2006, when plaintiff failed to respond to our efforts to arrive at a stipulated amount, we filed Blackwell's Motion for Disbursement with this Court.

The date plaintiff was ordered to file its stipulated disbursement schedule (July 12) has passed. The only filing made by plaintiff is its motion to disburse money to a stranger to the funds on deposit with the Court.

As acknowledged in plaintiff's various filings before this Court, there is no dispute that Blackwell has a statutory lien on the recovery and has a first and prior interest in those funds. *See* Motion for Entry of Order Permitting Partial Distribution of Judgement [sic] Funds, Document # 452, at ¶ 4. Plaintiff purports to have some dispute with Blackwell concerning the amount of these fees, but it has not communicated directly to us any legitimate basis for an objection to our charges.

We acknowledge that sufficient funds remain to pay the fair and reasonable attorneys' fees and expenses due Blackwell as outlined in our original Motion. Plaintiffs request to make payments to others out of these funds ahead of valid lien claimants like Blackwell is patently unfair and contrary to the purpose of Mo. Rev. Stat. § 484.130. The statute establishes Blackwell's priority as to payment of its fees and expenses as of the commencement of the lawsuit. *See Reed v. Reed*, 10 S.W.3d 173, 177 (W.D. Mo. 1999) (attorneys' lien attaches at commencement).

Paying other non-lien creditors from the proceeds on deposit with the Court permits plaintiff to stall and deprive Blackwell and plaintiff's other just creditors their recovery due from these funds. The Court should deny plaintiffs' motion.

WHEREFORE, Blackwell respectfully requests that the Court disburse the funds to Blackwell as claimed and to disburse any remaining amounts thereafter as directed by plaintiff, and for such other relief as the Court deems proper in these circumstances.

    Respectfully submitted,

/s/ Floyd R. Finch, Jr.
Floyd R. Finch, Jr.     MO #28377
Nancy S. Jochens     MO #49022
BLACKWELL SANDERS PEPER MARTIN LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: 816-983-8000
Facsimile: 816-983-8080
ffinch@blackwellsanders.com
njochens@blackwellsanders.com

*Attorneys for Blackwell Sanders Peper Martin LLP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of July, 2006, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all persons listed in the Court's electronic notification system.

/s/ Floyd R. Finch, Jr.
Attorney