IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MATTHEW HEADLEY HOLDINGS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02-0654-CV-W-FJG |
| McCLEARY, INC., et al. ) | |
| ) | |
| Defendants, ) | |
| ) | |

**DISTRIBUTION STATUS REPORT**

COMES NOW Plaintiff Matthew Headley Holdings, LLC, pursuant to this Court's Order to advise when a final distribution of the judgment funds would be made, hereby states as follows:

1. There remains about $968,000 in the court account established for plaintiff. There are several creditors who claim to have a lien against those funds, to wit:[1]

        Blackwell Sanders Peper Martin, LLP (statutory fee lien - $278,000)[2];
        Shearer's Foods (judgement lien - $130,000)
        Polsinelli Shalton Welte Suelthaus PC (judgment lien - $39,916);
        Wise Foods (judgment lien - $80,000)
        Vern Stisser (security interest - $60,000)
        Trion Ventures (security interest - $140,000)

---

[1] Lien amounts are approximate and based on the information provided to the undersigned counsel. The claims of Vern Stisser and Trion Ventures may be substantially different.

[2] Blackwell also claims that it is owed fees and expenses of $60,169.46 for work done that was not related to the McCleary litigation and $2,044.61 in contractual interest on that amount. Blackwell does not have, and does not claim to have, a lien for this additional amount and stands in the position of a general unsecured creditor in this regard.

1

2. First Missouri Bank also claims a lien based on an assignment given September 27, 2004, in the amount of $1,500,000.00 which pre-dates all lien claims except Vern Stisser and Blackwell Sanders.

3. The priority of First Missouri's assignment is disputed by other lien claimants. No lien claimant has agreed to reduce their lien claim even slightly to account for the risk that the First Missouri assignment make take priority over their lien. At this point Plaintiff thinks the only way to move this case forward is for the court to decide if First Missouri has priority or not. If First Missouri takes priority, then all the proceeds will be paid to First Missouri except for the $278,808.54 statutory attorney fee lien claim held by Blackwell Sanders and the $60,000 prior-in-time claim of Vern Stisser (at least that is Plaintiff's understanding). If First Missouri is wrong, all the other lien claims get paid in full (i.e., their motions to disburse should be granted) and First Missouri will get whatever is left.

4. First Missouri has advised Plaintiff that it will enter its appearance and file a motion to disburse no later than next Friday, July 28, 2006. Plaintiff has advised the other lien claimants that they should each file a request for disbursement explaining why they think the First Missouri lien is subordinate to their position. That will put all claimants before the Court.

5. There is no scenario where Plaintiff will be paid any of the money on deposit with the Court. This is strictly a dispute between lien claimants. Plaintiff attempted to act as a middle-man to reach an amicable solution, but that effort did not bear fruit. Thus, Plaintiff does not intend to take a position one way or another on the First Missouri priority issue.

6. With regard to Blackwell Sanders, the statutory lien claim for $278,808.54 unquestionably takes priority over all other claims. However, Blackwell's unsecured claim for $60,169.46 for work

done that was not related to the McCleary litigation and $2,044.61 in interest unquestionably is subordinate to all the lien claims and should not be paid from the judgment proceeds.

7. With regard to the $278,808.54 fee and expense claim, Plaintiff thinks the amount is too high and should be reduced so that those proceeds can be used to pay other lien claimants. Negotiations over what a fair amount to pay Blackwell Sanders for its lien have not yet stalled. If an agreement cannot be reached, then Plaintiff requests a bench trial on the reasonableness of Blackwell's bill. Other creditors may want to participate as any reduction will be for their benefit, not the benefit of Plaintiff.

8. Plaintiff apologizes to the Court for not being able to work this out as was hoped. However, because Plaintiff will not get a dime from the judgment proceeds it really has no power to negotiate.

Respectfully submitted,

/s/ Michael P. Healy
Michael P. Healy     MO Bar # 37309
Tim E. Dollar     MO Bar # 33123
2600 City Center Square
1100 Main Street
Kansas City, Missouri 64105
(816) 472-8800
(816) 472-8803 FAX
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that this document was ECF filed for distribution to counsel of record on July 20, 2006.

/s/ Michael P. Healy
Attorney for Plaintiff