IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MATTHEW HEADLEY HOLDINGS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 02-0654-CV-W-FJG |
| McCLEARY, INC., et al. | ) |
| | ) |
| Defendants, | ) |

### PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO TRION'S STATEMENT OF INTEREST AND BRIEF FOR PAYMENT AND MOTION FOR RECONSIDERATION OF PAYMENT TO BLACKWELL SANDERS

COMES NOW Plaintiff, Matthew Headley Holdings, LLC, through its counsel, Hendren Andrae, LLC, and for its Suggestions in Opposition to Trion's Statement of Interest and Brief for Payment filed March 30, 2007, and Plaintiff's Motion for Reconsideration of Payment to Blackwell Sanders states as follows:

SUGGESTIONS IN OPPOSITION TO TRION'S STATEMENT
OF INTEREST AND BRIEF FOR PAYMENT

To save the Court's time, Plaintiff would simply state that it supports First Missouri Bank's Reply to Trion Ventures I, L.P.'s Suggestions in Opposition filed April 10, 2007. The factual statements alleged by First Missouri Bank are wholly accurate in that at no time has Trion suffered a loss or taking of Trion Collateral due to a nonpayment of a note secured and anticipated by the Assignment executed by Plaintiff. As is clear from Trion's brief, no loss of collateral or any other funds has been evidenced or documented by Trion. To reward Trion outside the terms of the assignment cannot be supported by anything Trion has filed or pled in this case.

Trion did, in fact, invest $180,000, in funds separate from the Trion Collateral, to assist Plaintiff in its day-to-day operations. However, no monies went directly to Heartland Snacks, as

bank records would indicate. However, it is an undisputed fact that those funds have been repaid and no outstanding debt is due Trion of any nature from Heartland Snacks or Matthew Headley Holdings.

Trion further misleads this Court by implying that Plaintiff intentionally over-assigned the funds recovered in the original suit. As is clear from all communications with this Court by all interested parties, every one of the assignments and security interests were conveyed prior to the 8th Circuit's ruling that reduced Plaintiff's award from $6,450,000 to a mere $2,150,000. When the assignments were initially granted, there existed more than sufficient funds to cover the outstanding claims and First Missouri Bank's security interest. Plaintiff has done nothing to intentionally create the mess that now lies before the Court.

Additionally, it must be pointed out that Trion had intimate knowledge of the assignments granted as they not only were aware of all negotiations with Plaintiff's business as a consultant and potential financial partner but was further advising Plaintiff as to each individual assignment. Trion requested and was granted complete access to all the business and financial dealings of Heartland Snacks for than three years.

Plaintiff further objects to Trion's misrepresentation to this Court that somehow a ruling favoring First Missouri Bank will benefit the Stissers' personally. It is recognized that the promissory note in question is titled in the Stissers' names alone but, as is repeatedly stated by First Missouri Bank, no funds were utilized personally by the Stissers nor even directed to the Stissers personally as all loan proceeds went directly to the continued operation of Plaintiff company. As the Court is likely aware, as a limited liability corporation, Eric and Mark Stisser, as members, had to personally guarantee all any loans extended to Plaintiff company from a bank per the requirement of the law. To make comments regarding the Stissers' trusts that are

2

additional collateral to the bank is simply an effort to minimize the impact of this Court's holding on Plaintiff and, again, an attempt to allow Trion to receive funds to which they are in no way entitled.

Trion's statements are malicious and misleading to this Court. Trion would ask that they simply be handed a gift of money from the Court's registry. Money that has not been earned, granted, or deserved, but to which Trion unabashedly lay claim. However, to award Trion anything would be to do a serious disservice and injustice to the remaining viable creditor in line, First Missouri Bank.

## MOTION FOR RECONSIDERATION OF AWARD TO BLACKWELL SANDERS

As it is clear that this Court's order of March 9, 2007 is not yet a final judgment as defined by Federal Rule 54(b), Plaintiff once again takes this opportunity to ask the Court to reconsider its decision as to the claims laid by Blackwell Sanders. Plaintiff again reiterates the need for an evidentiary hearing on the reasonableness of the fees asserted by Blackwell Sanders. All we simply ask for is a chance to present Plaintiff's expert's testimony on this issue.

Respectfully submitted,

HENDREN ANDRAE, LLC

/s/ *Sara C. Michael*
Sara C. Michael, #45908
221 Bolivar Street
P.O. Box 1069
Jefferson City, MO 65102
(573) 636-8135
FAX (573) 636-5226

Attorneys for Plaintiff

3

## CERTIFICATE OF SERVICE

I hereby certify that this document was ECF filed for distribution to counsel of record on April 16, 2007.

/s/   Sara C. Michael

4