IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MATTHEW HEADLEY HOLDINGS, LLC, )<br>d/b/a HEARTLAND SNACKS )<br>f/k/a INCITO CAPITAL GROUP, LLC )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>McCLEARY, INC., )<br>    Defendant. ) | No. 02-0654-CV-W-FJG |

## ORDER

Before the Court are (1) Brief in Support of Payment From Court to Wise Foods (Doc. No. 512); (2) Shearer's Foods, Inc.'s Memorandum Addressing Total Amount of Interest Owed on its Judgment Lien and Suggestions for Procedure for Payment from Funds in the Court's Registry (Doc. No. 513); (3) Blackwell Sanders' Statement of Interest and Suggestions for Payment (Doc. No. 514); (4) Trion Ventures I, L.P.'s Statement of Interest and Suggestions for Payment (Doc. No. 515); (5) Brief of Polsinelli Shalton Flanigan Suelthaus PC in Response to Order Dated March 9, 2007 (Doc. No. 516); (6) Colorado Gold Chips, Inc.'s Brief in Support of Payment from Court of Balance Owed (Doc. No. 520); and (7) Colorado Gold Chips, Inc.'s Supplemental Statement Regarding Balance Owed (Doc. No. 524).

Also pending are various motions, responses, and replies regarding reconsideration, namely: (1) First Bank of Missouri's Motion for Reconsideration (Doc. No. 518); (2) Plaintiff's Brief as to Distribution of Court-Held Funds (Doc. No. 519); (3) Blackwell Sanders' Response to Plaintiff's Brief as to Distribution of Court-Held Funds and Suggestions in Support of Plaintiff's Challenge to the Amounts Claimed by Trion and Colorado Gold Chips, Inc. (Doc. No. 525); (4) Colorado Gold Chips, Inc.'s Reply to Blackwell Sanders' Suggestions in Support of Plaintiff's Challenge to the Amounts Claimed by Trion and Colorado Gold Chips, Inc. (Doc. No. 527); (5) Trion Ventures I, L.P.'s Reply

to Blackwell Sanders' Response to Plaintiff's Brief as to Distribution of Court-Held Funds (Doc. No. 528); (6) Plaintiff's Suggestions in Opposition to Trion's Statement of Interest and Brief for Payment and Motion for Reconsideration of Payment to Blackwell Sanders (Doc. No. 523); and (7) Plaintiff's Supplement to Motion to Reconsider (Doc. No. 531).

The Court will consider the motions for reconsideration first, and then will order the distribution of proceeds from the Court registry.

## I.  Motions for Reconsideration

First Bank of Missouri moves for reconsideration (Doc. No. 518), re-arguing some of the points already considered and rejected by this Court as to the priority and validity of its lien, and further arguing that the Court should reconsider the validity, priority, and balance of the claims made by Trion and Colorado Gold.[1]  Notably, First Bank of Missouri did not make any arguments regarding the validity of Trion and Colorado Gold's claims at any time between the deposit of the judgment funds in the Court registry on June 22, 2006 and the Court's Order on the parties' various motions for disbursement of funds on March 9, 2007.

Plaintiff has also filed several briefs following the Court's Order on distribution of funds.  Plaintiff's first is entitled "Plaintiff's Brief as to Distribution of Court-Held Funds." (Doc. No. 519, filed on March 15, 2007.)  Plaintiff does not specifically indicate the purpose of this brief; however, the Court presumes plaintiff is seeking reconsideration of the Court's Order of March 9, 2007 (Doc. No. 510).  Plaintiff makes several unsupported statements within this brief, such as "The decision by this Court on March 9, 2007, effectively destroyed any chance for Plaintiff to recover from the devastating result of, ironically, winning this lawsuit," and "It is clear that this Court has little respect for the emotional and

---

[1] First Bank of Missouri indicates that as it is "desirous of a final and equitable resolution to this matter" (Doc. No. 518, p. 5), it does not and will not contest the distributions set forth in the Court's March 9, 2007 Order as to Blackwell Sanders, Polsinelli, Shearer's Foods and Wise Foods.

2

financial hardships that this case has placed on the Guy's brand, the Plaintiff's company, its employees, and its partners." See Doc. No. 519, p. 1. However, plaintiff's financial problems are not of the Court's making; instead, the Court is merely trying to sort through the claims made by plaintiff's creditors, which greatly exceed the amounts that have been placed in the Court's registry. Plaintiff also appears to argue that Shearer's, Wise, and Polsinelli ought to have negotiated with plaintiff to arrive at some smaller amount as to each of their claims once the "appellate court slashed Plaintiff's recovery." Doc. No. 519, p. 2. However, none of these firms was under any obligation to negotiate with plaintiff, given that plaintiff had already entered into judgments with each of these creditors. Plaintiff further indicates (without any support) that Trion was paid back all of its funds. Similarly, plaintiff indicates (without providing support) that Colorado Gold is inflating the amounts due it. Finally, plaintiff indicates that Blackwell Sanders ought not be paid for attorneys fees related to matters not related to the present lawsuit.

On April 16, 2007, plaintiff filed Suggestions in Opposition to Trion's Statement of Interest and Brief for Payment and Motion for Reconsideration of Payment to Blackwell Sanders (Doc. No. 523). Plaintiff reiterates that Trion is not entitled to any payment from the Court's registry. Further, plaintiff "reiterates the need for an evidentiary hearing on the reasonableness of the fees asserted by Blackwell Sanders." Again, plaintiff provides no documents or other materials in support of its motion.

Finally, on June 20, 2007, plaintiff filed its Supplement to Motion to Reconsider (Doc. No. 531). Within this filing, plaintiff states that its principal, Mark Stisser, has made a complaint about Blackwell Sanders with the Office of Chief Disciplinary Counsel. Plaintiff attaches an undated declaration from plaintiff's trial counsel, Michael Healy, indicating that while Mr. Healy told Floyd Finch at Blackwell Sanders that "after our [the other attorneys'] fees are paid there is more than enough money remaining to pay Blackwell's bill in full," he also told Mr. Finch that "Mark Stisser had issues with the amount of Blackwell's bill and

3

Floyd would have to work out the amount of Blackwell's bill with Mark Stisser," and "[Mr. Healy] would not participate in that or any other dispute between Blackwell and Stisser." Doc. No. 531, Ex. 1, p. 1. Notably, plaintiff failed to provide this affidavit or any other evidentiary support when the issue of Mr. Healy's representations to Blackwell first was presented to the Court by Blackwell Sanders on August 4, 2006 (Doc. No. 470). As will be noted below, plaintiff's motion for reconsideration cannot be granted based on new arguments that ought to have been made months before judgment was entered.

Additionally, contained within Blackwell Sanders' Response to Plaintiff's Brief as to Distribution of Court-Held Funds and Suggestions in Support of Plaintiff's Challenge to the Amounts Claimed by Trion and Colorado Gold Chips, Inc. (Doc. No. 525) is a request that the Court allow payment to Trion and/or Colorado Gold only upon "strict proof" as to the amount and validity of their liens, suggesting that the Court refer this matter to a Magistrate Judge, Bankruptcy Judge, or Special Master. Again, and notably, Blackwell Sanders raised no objections to the claims of Trion and Colorado Gold at all in the prior briefing of this matter. Blackwell further indicates that plaintiff's request to reconsider the attorneys' fee award to Blackwell Sanders ought to be denied because plaintiff offers no support for its request.

In response to these various requests for reconsideration, Trion Ventures I, L.P. ("Trion") notes that none of the three parties complaining about the proposed distributions (plaintiff, First Bank of Missouri, or Blackwell) indicate under which procedural rule they are proceeding. Reconsideration may be sought under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure.

> With respect to a motion to alter or amend judgment under Rule 59(e),
>
> A motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. . . . It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment. . . . District courts have broad discretion when deciding whether or not to grant a motion to amend judgment.

4

In re General Motors Corp. Anti-Lock Brake Products Liability Litigation, 174 F.R.D. 444, 446 (E.D.Mo. 1997), aff'd sub nom. Briehl v. General Motors Corp., 172 F.3d 623 (8th Cir. 1999)(citations and internal quotations omitted). See also Peters v. General Service Bureau, Inc., 277 F.3d 1051,1057 (8th Cir. 2002)("Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion.") Here, none of the parties requesting reconsideration have presented anything other than arguments already presented to and rejected by the Court, or new arguments that could have been raised before judgment but were not. The Court will not grant reconsideration under Rule 59(e).

Further, Fed.R.Civ.P. 60(b) states in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Again, none of the parties requesting reconsideration have established that any of the exceptional circumstances detailed in Rule 60(b) have been met.

Accordingly, (1) First Bank of Missouri's Motion for Reconsideration (Doc. No. 518) is **DENIED**; (2) Plaintiff's Brief as to Distribution of Court-Held Funds (Doc. No. 519) is **DENIED** to the extent it seeks reconsideration; (3) Blackwell Sanders' Response to Plaintiff's Brief as to Distribution of Court-Held Funds and Suggestions in Support of

5

Plaintiff's Challenge to the Amounts Claimed by Trion and Colorado Gold Chips, Inc. (Doc. No. 525) is **DENIED** to the extent it seeks reconsideration of the awards to Trion and Colorado Gold Chips, Inc.; and (4) Plaintiff's Suggestions in Opposition to Trion's Statement of Interest and Brief for Payment and Motion for Reconsideration of Payment to Blackwell Sanders (Doc. No. 523) is **DENIED** to the extent it seeks reconsideration of the award to Blackwell Sanders.

## II. Distribution of Court-Held Funds

    A.    Blackwell Sanders' Statement of Interest and Suggestions for Payment (Doc. No. 514)

As discussed in the Court's Order of March 9, 2007 (Doc. No. 510), Blackwell Sanders has a statutory lien in the amount of $278,808.54 plus pre-judgment interest from June 1, 2006, to the date of payment. As of March 31, 2007, the amount owed to Blackwell was $299,708.54 ($278,808.54 in principal plus $20,900.00 in interest). Blackwell notes that a daily interest charge of $68.75 applies; therefore, the amount of interest that has accrued between March 31, 2007, and the date of this Order is $13,818.87.

Therefore, Blackwell Sanders shall be paid $313,527.29 from the fund held in the Court's registry. The Clerk of the Court shall issue a check in the amount of $313,527.29 payable to Blackwell Sanders Peper Martin, and shall contact Nancy Jochens at (816) 983-8287 to arrange for pick up of the check.

    B.    Brief of Polsinelli Shalton Flanigan Suelthaus PC in Response to Order Dated March 9, 2007 (Doc. No. 516)

As discussed in the Court's Order of March 9, 2007 (Doc. No. 510), Polsinelli has a statutory fee lien and judgment lien in the amount of $34,916.00. In Polsinelli's brief,

6

Polsinelli indicates that it is entitled to prejudgment interest in the amount of $8,618.03. Polsinelli further indicates that it is entitled to post-judgment interest from February 9, 2006 (the date of the Judgment) through March 16, 2007 (401 days), which at the rate of nine percent is $3,452.33. Thus, the total amount owed as of March 16, 2007, was $46,986.36. Since March 16, 2007, the interest that has accrued on the amount owed Polsinelli is $1,859.76.

Therefore, Polsinelli shall be paid $48,846.12 from the fund held in the Court's registry. The Clerk of the Court shall issue a check in the amount of $48,846.12 payable to Polsinelli Shalton Flanigan Suelthaus PC and shall send the payment via certified mail to the following address:

> Polsinelli Shalton Flanigan Suelthaus PC
> c/o Amy E. Hatch
> 700 W. 47th Street, Ste. 700
> Kansas City, MO 64112

C.    Shearer's Foods, Inc.'s Memorandum Addressing Total Amount of Interest Owed on its Judgment Lien and Suggestions for Procedure for Payment from Funds in the Court's Registry (Doc. No. 513)

As discussed in the Court's previous Order (Doc. No. 510), Shearer's Foods is owed a judgment lien. As of March 15, 2007, the total amount due and owing on this lien is $141,690.97 ($110,357.17 in principal, $81.00 in court costs, and $31,252.80 in interest at 9% per annum). Shearer's Foods is also owed $27.20 in interest per diem after March 15, 2007. Accordingly, as of the date of this Order, Shearer's Foods is owed an additional $5,902.40 in interest.

Therefore, Shearer's Foods, Inc. shall be paid $147,593.37 from the fund held in the Court's registry. The Clerk of the Court shall issue a check in the amount of $147,593.37

7

payable to Shearer's Foods, Inc. and its attorneys, McAnany, Van Cleave & Phillips, P.A. and shall contact Lawrence D. Greenbaum at (913) 371-3838 to arrange for pick up of the check.

      D.      Brief in Support of Payment From Court to Wise Foods (Doc. No. 512)

As discussed in the Court's previous Order (Doc. No. 510), Wise Foods is owed a judgment lien. The settlement agreement entered into by it and plaintiff provides for payment to Wise Foods in the principal amount of $65,497.08 plus 9% APR from December 16, 2003, until the amount is paid in full. As of May 1, 2007, the amount due Wise Foods was $87,957.82 (principal of $65,497.08 plus interest compounded annually in the amount of $22,460.74). As of the date of this Order, Wise Foods is owed an additional $3,554.70 in interest.

Therefore, Wise Foods, Inc. shall be paid $91,512.52 from the fund held in the Court's registry. The Clerk of the Court shall issue a check in the amount of $91,512.52 payable to Reavey Law LLC Trust Account and shall contact Patrick G. Reavey at (816) 474-6300 to arrange for pick up of the check.

      E.      Trion Ventures I, L.P.'s Statement of Interest and Suggestions for Payment (Doc. No. 515)

As discussed in the Court's previous Order (Doc. No. 510), Trion is entitled to $250,000.00 plus post-judgment interest at the annual rate of 4.96% or $33.97 per day. As of the date of this Order, Trion is entitled to an additional $7,575.31 in interest.

Therefore, Trion Ventures I, L.P. shall be paid $257,575.31 from the fund held in the Court's registry. The Clerk of the Court shall issue a check in the amount of $257,575.31 payable to Thompson & Knight L.L.P. IOLTA Trust Account and shall contact local counsel

Todd A. Gangel at (816) 474-6550 to arrange for pick up of the check.

      F.    Colorado Gold Chips, Inc.'s Brief in Support of Payment from Court of Balance Owed (Doc. No. 520), Colorado Gold Chips, Inc.'s Supplemental Statement Regarding Balance Owed (Doc. No. 524), and Colorado Gold Chips, Inc.'s Reply to Blackwell Sanders' Suggestions in Support of Plaintiff's Challenge to the Amounts Claimed by Trion and Colorado Gold Chips, Inc. (Doc. No. 527)

As discussed in the Court's previous Order (Doc. No. 510), the Court provisionally granted Colorado Gold Chips' motion for disbursement, provided that Colorado Gold Chips supply a brief with supporting documentation addressing the total amount of the balance owed as of May 16, 2006, that remains unpaid by plaintiff. Colorado Gold's original brief (Doc. No. 520) indicated that plaintiff, as of March 15, 2007, owed Colorado Gold $328,157.00; however, Colorado Gold has more recently filed a brief indicating that as of April 30, 2007, the balance due (including accrued interest) is $220,089.00, with interest continuing to accrue thereon at the rate of $108.35 per day thereafter. See Doc. No. 524. Colorado Gold notes that this amount is now fixed, as Colorado Gold recently had to sell its assets, including equipment, parts, supplies and inventory, and Colorado Gold is no longer continuing to supply product to plaintiff (and, therefore, plaintiff is no longer making additional "per truckload" payments on past-due amounts).[2] The amount of interest that has accrued since April 30, 2007, is $18,527.85 as of the date of this Order.

Accordingly, the Court finds Colorado Gold shall be paid $238,616.85 from the fund held in the Court's registry, or if the full amount of $238,616.85 is not available within the

---

[2]Although Colorado Gold did not provide supporting documentation in Doc. No. 524, Colorado Gold filed a reply to Blackwell Sanders' suggestions in support of plaintiff's challenge to the amounts claimed by Trion and Colorado Gold Chips, Inc. (Doc. No. 527) which includes an Affidavit of Steven G. Eller, President of Colorado Gold, to substantiate the balance due Colorado Gold.

9

fund, Colorado Gold shall be paid the remainder of the funds available. The Clerk of the Court shall issue a check in the amount of $238,616.85, or an amount constituting the remainder of the fund available, payable to Spencer Fane Britt & Browne LLP and shall contact Gardiner B. Davis at (816) 474-8100 to arrange for pick up of the check.

**IT IS SO ORDERED.**

Dated: October 19, 2007.
Kansas City, Missouri.

/s/ Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge