IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MATTHEW HEADLEY HOLDINGS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02-0654-CV-W-FJG |
| McCLEARY, INC., et al. ) | |
| ) | |
| Defendants, ) | |

## PLAINTIFF'S MOTION TO RECONSIDER

COMES NOW Plaintiff, Matthew Headley Holdings, LLC, through its counsel, Hendren Andrae, LLC, and pursuant to USCS Federal Rules of Civil Procedure Rule 59 states as follows:

1. That on or about the 19th day of October, 2007 this Court entered its Order denying First Missouri Bank of Missouri's Motion for Reconsideration, Plaintiff's Brief as to Distribution of Court-Held Funds, Blackwell Sanders' Response to Plaintiff's Brief as to Distribution of Court-Held Funds and Suggestions in Support of Plaintiff's Challenge to the Amounts Claimed by Trion and Colorado Gold Chips, Inc. and Plaintiff's Suggestions in Opposition to Trion's Statement of Interest and Brief for Payment and Motion for Reconsideration of Payment to Blackwell Sanders.

2. Furthermore, in this Court's Order of October 19, 2007, the Court further instructed the Clerk of the Court to issue a check in the amount of $313,527.29 payable to Blackwell Sanders Peper Martin, a check in the amount of $48,846.12 payable to Polsinelli Shalton Flanigan Suelthaus PC., a check in the amount of $147,593.37 payable to Shearer's Foods, Inc. and its attorneys, a check in the amount of $91,512.52 payable to Reavey Law LLC Trust Account, a check in the amount of $257,575.31 payable to Thompson & Knight L.L.P.

IOLTA Trust Account, a check in the amount of $238,616.85, or an amount constituting the remainder of the fund available, payable to Spencer Fane Britt & Browne LLP.

3. With said ruling, the Court failed to give Plaintiff the opportunity to present evidence or argument, including but not limited to expert testimony in opposition to the reasonableness of the legal fees submitted by Blackwell Sanders. The Court's ruling was contrary to the argument and briefs submitted which favored Plaintiff.

4. With said ruling, the Court awarded fees to Blackwell Sanders without any statutory authority in that the additional fees pursued by Blackwell were for work not related to the case at hand and said awarded, contrary to the specific statute granting the Court's authority to issue any type of fee award to previous legal counsel.

5. The Court's award to Trion is inappropriate in that they failed to prove that they were actually entitled to any money, Trion proved no loss, had no evidence of putting out any money on behalf of Plaintiff and did not put any monies to the benefit of Plaintiff to which they are now seeking reimbursement. The facts on the Trion deal are painfully clear and simple… Trion paid to Colorado Gold $180,000 for a debt owed by Heartland Snacks, a completely different entity and organization than Matthew Headley Holdings, however all parties have attempted to attach a relationship to Matthew Headley although they are different organizations. Heartland Snacks has directed funds and made certain that Trion was paid back the $180,000 they gave to Colorado Gold for the benefit of a debt owed by Heartland Snacks, not Matthew Headley Holdings. Trion has been paid back all the monies they ever even remotely gave to the benefit of Heartland Snacks and are not entitled to any monies from Matthew Headley Holdings. Trion also had captured certain trade names owned by Heartland Snacks as security for the monies they are already been reimbursed for. Trion is paid in full for all dealings with Heartland

2

Snacks however are seeing more monies from the court and have also taken ownership of key assets with value significantly greater than the $180,000 they loaned Heartland Snacks and have been paid back by Heartland Snacks.

6. Further stating, as has been previously stated, the Court's Order grants to Trion standing that is without foundation in that Trion was never in business or did business with Matthew Headley Holdings. The courts have improperly benefited Trion when they were paid back in entirely from Heartland Snacks and also obtained ownership in Trade names once owned by Heartland Snacks.

7. The Court's award of any funds to Colorado Gold is wholly without merit and Colorado Gold has been paid nearly two fold since the original filing in the suit. Moreover, Colorado Gold never once transacted any business with Matthew Headley Holdings. Colorado Gold failed to deny that they had received what Plaintiff, First Missouri Bank and Blackwell Sanders all said that they had received. Moreover, the owner of Colorado Gold has sued Mark Stisser personally for the monies he believes he is owed, even though the debt, clearly defined by the agreement Colorado Gold initiated, drafted, and demanded from Heartland Snacks, a completely different entity than Matthew Headley Holdings, has been obligated and paid in full. This fact is not disputed. Furthermore to add insult to injury, Mr. Eller has sold his manufacturing assets to another manufacture and has no capacity to manufacturer from Heartland Snacks; however is still receiving a royalty payment from the company that bought is assets. With this Court's Order, Mr. Eller has somehow managed to get paid on a bill already defined and paid by his own agreement, three times over his personal suit of Mark Stisser, his royalty payment by his the purchaser of his business on a brand he does not own, and lastly the

courts are attempting to pay him monies from a company her never did business with in any form or fashion.

8. Lastly, we are now calling to the attention of the courts and will so through an appeal that Plaintiff never agreed with the initial payment that was ordered by the courts. Former counsel Michael Healy told the Court to pay his firm, whom Plaintiff did have an agreement with, two other firms whom Plaintiff did not have any agreements with, and for some reason pay Affinity Snack Foods, who was, at best, in fifth place in the line of creditors who had a security interest. Mr. Healy improperly directed the courts to creditors who had no signed agreements with Plaintiff and held out to the courts that were enough money to pay all creditors when in reality he was fully aware that there were not enough monies as Mr. Healy drafted and negotiated all the agreements that were in place with all the creditors.

WHEREFORE, Plaintiff prays this Court reconsider its ruling, grant Plaintiff the opportunity to present evidence on the issues remaining in dispute, or in the alternative, amend its Order so as to conform with the law and the argument presented; and for such other and further relief as this court deems appropriate.

Respectfully submitted,

HENDREN ANDRAE, LLC

/s/ *Sara C. Michael*
Sara C. Michael, #45908
221 Bolivar Street
P.O. Box 1069
Jefferson City, MO 65102
(573) 636-8135
FAX (573) 636-5226
Attorneys for Plaintiff

4

## CERTIFICATE OF SERVICE

I hereby certify that this document was ECF filed for distribution to counsel of record on October 19, 2007.

                                   /s/    Sara C. Michael